## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| STEP BY STEP, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Defendant. | Case No. 10-cv-3296 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 3). On October 28, 2010, Plaintiff filed its Complaint against Defendant, the United States Department of Labor ("DOL"), in Illinois state court seeking judicial review of the agency's decision with regards to Plaintiff's compliance with the Family Medical Leave Act ("FMLA"). (Doc. 1-1). Defendant removed the case to this Court on November 12, 2010. (Doc. 1). On December 12, 2010, Defendant filed the instant Motion to Dismiss (Doc. 3), notice of which was mailed to Plaintiff's attorney (Doc. 4). Plaintiff's Response was due by December 30, 2010; none was filed. Pursuant to Local Rule 7.1(B)(2), the Court therefore presumes that there is no opposition to Defendant's Motion.

Defendant seeks to have Plaintiff's claims dismissed for two reasons. First, Defendant alleges that this Court lacks personal jurisdiction over the Defendant because Plaintiff failed to serve the United States and its agency in accordance with Federal Rules of Civil Procedure 4(i)(1)(A)(i)-(ii). (Doc. 3 at 2). Pursuant to Federal

Rule 4(i), to serve the an agency of the United States as a party to a lawsuit, the Plaintiff must 1) either deliver a copy of the summons and complaint to the United States attorney for the Central District of Illinois, or to an assistant United States Attorney or clerical employee whom he has designated, or send a copy by registered or certified mail to the civil-process clerk at the United States attorney's office; 2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.; and 3) send a copy of the summons and complaint by registered or certified mail to the agency. FED. R. CIV. P. 4(i)(1)-(2). If the Plaintiff fails to properly serve the United States and its agency in this way, the Court lacks jurisdiction over the action. *Vano v. United States*, 181 F.Supp.2d. 956, 958 (N.D. Ind. 2001) (*citing Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982)).

Here, Defendant alleges that Plaintiff failed to serve either the United States Attorney for the Central District of Illinois or the Attorney General. Because Plaintiff has not rebutted this allegation in anyway, and the summons provided on the record shows only service to the United States Department of Labor, the Court finds that service was not effected in accordance with Federal Rule 4(i) and that it therefore lacks personal jurisdiction over the Defendant.

In addition, Defendant argues that this Court also lacks subject matter jurisdiction over Plaintiff's Complaint because the Defendant has yet to reach a final, reviewable decision on the relevant claim. (Doc. 3 at 2). Before it can be reviewable, an agency decision must be final in nature – that is, it must "mark the consummation" of the agency's decision process rather than being interlocutory, and

it must be one by which rights or obligations have been determined, or from which legal consequences will flow. *Western Ill. Home Health Care, Inc. v. Herman*, 150 F.3d 659, 662 (7th Cir. 1998) (*citing Bennet v. Spear*, 520 U.S. 154, 177-78 (1997)). Defendant points out that here, Plaintiff has submitted documents as part of its Complaint which prove that the agency decision is not yet final. These documents include a document entitled "Back Wage Disbursement and Pay Evidence Instructions," which contains statements that preliminary back wage evidence is due by January 2, 2011, and that final proof of payment is due by January 25, 2011. Defendant alleges that these are settlement documents which have yet to be executed, and thus there has been no final agency decision. Because Plaintiff has not provided this Court with any argument that the agency decision is, in fact, final and thus reviewable, the Court finds that Defendant has not yet reached a final, reviewable decision, and that therefore this Court also lacks subject matter jurisdiction over Plaintiff's Complaint.

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff is free to re-file a complaint seeking review of the agency decision upon proper service and at such time that the Defendant has reached a final decision on the underlying claim. IT IS SO ORDERED.

Entered this 12th day of January, 2011.

                                                    s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                                  United States Senior District Judge